**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Charles D. Cole,

                    Petitioner,

v.

State of Arizona, et al.,

                    Respondents.

No.  CV-25-04086-PHX-SMB (DMF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE SUSAN M. BRNOVICH, UNITED STATES DISTRICT JUDGE:**

This matter is before the Court on Petitioner's "Renewed Emergency Motion for Interim Relief from Probation" ("Renewed Emergency Motion") (Doc. 23).  Respondents filed a response in opposition ("Response") (Doc. 24).  Petitioner filed a reply in support of his Renewed Emergency Motion ("Reply") (Doc. 25).  This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 19 at 6).  Because Petitioner requests injunctive relief, undersigned is proceeding by Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief").

**I.   PROCEDURAL   POSTURE   AND   PETITIONER'S   RENEWED EMERGENCY MOTION**

On October 31, 2025, Petitioner Charles Cole ("Petitioner" and/or "Cole") filed a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition") (Doc. 1); an Application for Leave to Proceed *In Forma Pauperis* ("Application") (Doc. 2); and an "Emergency Motion for Release Pending Habeas Review" ("Emergency Motion") (Doc. 3).  Petitioner did not use the court-approved forms for his Petition or Application.

On November 17, 2025, the Court denied the Application without prejudice and dismissed the Petition with leave to amend because Petitioner did not use the court-approved forms (Doc. 8 at 2, 4-5).  Regarding the Emergency Motion, the Court explained:

> In his Emergency Motion for Release Pending Habeas Review, Petitioner asks this Court to "immediately release him from all probationary supervision, electronic monitoring, and custodial restraints pending final resolution of his habeas petition . . . ." (Doc. 3.) Petitioner also filed a Supplement and Affidavit to the Emergency Motion for Release alleging "retaliatory supervision, unconstitutional [probation] restrictions, and interference with access to this Court." (Docs. 6-7.) Because the Court is dismissing Petitioner's Petition, the Court will deny as moot the Emergency Motion for Release Pending Habeas Review.

(Doc. 8 at 3-4).  However, the Court did not specifically deny the Emergency Motion in the Order (Doc. 19 at 3; *see* Doc. 8 at 4-5).

The Court allowed Petitioner 30 days from the date of the Order to file an amended petition using the court-approved form and to pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8 at 4-5).  Petitioner thereafter paid the filing fee (Doc. 10) and filed an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition") (Doc. 12).  Petitioner also filed several documents in support of his Amended Petition (Docs. 13, 14, 15, 16, 17).

The Court's January 28, 2026, Order screening the Amended Petition recounts:

> In Maricopa County Superior Court case CR2017-110160, Petitioner pled guilty to two counts of attempted sexual conduct with a minor pursuant to a

> plea agreement. On December 17, 2017, the court suspended imposition of sentence and placed Petitioner on two 10-year terms of supervised probation. In his Amended Petition, Petitioner names as Respondents Maricopa County Chief Probation Officer Michael Cimino and Supervising Probation Officer Marissa Entler, and the Maricopa County Adult Probation Department.
>
> In Ground One, Petitioner alleges actual innocence because the victim had misrepresented her age to him "as being over the age of consent." In Ground Two, Petitioner claims he is subject to unauthorized probation conditions and sanctions that are "beyond [his] written sentence." In Ground Three, Petitioner asserts "Brady/Due Process Violations" because Petitioner was not provided any police reports or records that showed the victim had misrepresented her age to him before Petitioner entered his guilty plea. In Ground Four, Petitioner alleges ineffective assistance of counsel as his trial counsel "failed to investigate or uncover [the victim's] false identification card and age fraud and her admi[ss]ion to law enforcement about her misrepresentation." Petitioner states he has presented these claims to the Arizona Court of Appeals.
>
> The Maricopa County Adult Probation Department is not a proper respondent. Petitioner must name the state officer having custody of him as the respondent to the petition. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). Because the Maricopa County Adult Probation Department is not a state officer, it will be dismissed as a Respondent. The Court will require Respondents Cimino and Entler to answer the Amended Petition. 28 U.S.C. § 2254(a).

(Doc. 19 at 2). The Court also noted that it addressed but did not specifically deny Petitioner's Emergency Motion in the November 17, 2025, Order (*Id.* at 3). The Court continued:

> To obtain a stay of the execution of a sentence, a movant must show a likelihood of success on the merits, irreparable injury if a stay is not granted, whether the stay will substantially harm other parties, and whether a stay would serve the public interest. *See In re Holladay*, 331 F.3d 1169, 1176-77 (11th Cir. 2003); *Upshaw v. Alabama*, No. 2:09cv638, 2009 WL 2905597, at *1-2 (M.D. Ala. Sept. 4, 2009) (petitioner failed to demonstrate a compelling reason to grant a stay, such as being subjected to implementation of a death sentence, "why her interest in avoiding incarceration must yield to the state's right to a presumption of the validity of the judgment of its courts."); *Wigg v. Hofmann*, No. 1:07cv0067, 2007 WL 4615957, at *1 (D. Vt. Dec. 28, 2007). Petitioner has not shown a likelihood of success on the merits or

irreparable injury if a stay is not granted, or why his interest in avoiding his probation conditions should yield to the presumption of correctness of the state's criminal judgment. Additionally, the outcome of a ruling on his Amended Petition remains uncertain and does not establish that relief on his Amended Petition is likely, rather than merely possible, or that denial of a stay at this time will result in irreparable harm. *See Winter* [*v. Nat. Res. Def. Council, Inc.*], 555 U.S. [7,] 22 [(2008)]; *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (a speculative injury is insufficient to establish a likelihood of irreparable harm). Accordingly, the Court will deny the Emergency Motion for Interim Probation Relief.

(Doc. 19 at 3-4).  The Court amended its November 17, 2025, Order (Doc. 8) nunc pro tunc to deny Petitioner's Emergency Motion (Doc. 19 at 5).

On February 3, 2026, Petitioner filed a "Renewed Emergency Motion for Interim Relief from Probation" (Doc. 23).  In his Renewed Emergency Motion, Petitioner argues that emergency interim relief is justified "based upon materially changed circumstances since the Court's prior denial as moot and the imminent risk of incarceration at a state revocation disposition hearing scheduled for February 11, 2026" (*Id.* at 1).  Petitioner insists that, unlike his original Emergency Motion, the Renewed Emergency Motion is not moot (*Id.* at 2).  Specifically, Petitioner asserts that the following developments create a "live and immediate controversy" warranting relief on the merits of Petitioner's Renewed Emergency Motion: Respondents have appeared through counsel, the Petition remains pending and unresolved, a state revocation disposition hearing is scheduled for February 11, 2026, the State of Arizona seeks incarceration of Petitioner for three months, and Petitioner has exhausted state remedies (*Id.*).

As to the merits of Petitioner's Renewed Emergency Motion, Petitioner argues that he faces imminent irreparable harm due to possible incarceration following the February 11, 2026, revocation hearing (*Id.* at 3).  Petitioner also claims that there is a strong likelihood of success on the merits of his Petition because there is newly discovered evidence regarding the victim, Petitioner involuntarily entered a guilty plea without full disclosure of exculpatory evidence, and Petitioner's constitutional rights were violated during his revocation proceedings (*Id.* at 4).  As to the balance of equities, Petitioner argues

that granting relief "preserves federal jurisdiction, avoids wrongful incarceration, causes no prejudice to the State, and maintains [the] status quo" whereas denying relief "risks unlawful imprisonment, moots federal review, and creates constitutional injury" (*Id.* at 4-5). Petitioner argues that a grant of relief is in the public interest because it would "ensur[e] constitutional compliance, prevent[] punishment based on false or incomplete records, safeguard[] due process, and avoid[] wrongful incarceration" (*Id.* at 5). For relief, Petitioner asks the Court to order a stay of the revocation proceedings in Maricopa County Superior Court case number CR2017-110160-001, grant interim relief from probation pending resolution of the Petition, enjoin Respondents from incarcerating Petitioner, and grant "any other relief the Court deems just and proper" (*Id.*). With his Renewed Emergency Motion, Petitioner attached as exhibits a declaration in support of his Renewed Emergency Motion (Doc. 23 at 7-9); the petition to revoke probation filed in Maricopa County Superior Court (*Id.* at 11-12); a text message conversation regarding a polygraph examination (*Id.* at 13); documents regarding Petitioner's participation in the Maricopa County Adult Probation Department's Adult Sex Offender Treatment Program (*Id.* at 14-16, 19); documents regarding Petitioner's probation history (*Id.* at 17-18, 24-26); and state court filings related to Petitioner's probation (*Id.* at 20-23).

In their Response, Respondents ask the Court to deny Petitioner's Renewed Emergency Motion (Doc. 24). Respondents argue that Petitioner is mistaken in "his belief that this Court denied his most recent motion as moot" and that Petitioner "offers no reason for this Court to either revisit or reject its prior determination" (*Id.* at 2). Respondents further argue that possible incarceration is insufficient to stay state court proceedings under 28 U.S.C. § 2251 and such incarceration as a condition of probation does not constitute irreparable injury (*Id.*). Respondents represent that at the February 11, 2026, revocation hearing, "the trial court ordered that [Petitioner] serve six months in the county jail beginning on 5/11/2026, and comply with certain probation conditions but stated that '[j]ail time may be further deferred or deleted.' (Exh. A.) [Petitioner] is not now in jail and it is entirely uncertain whether, if he chooses to comply with his conditions of probation, he

will be in May." (*Id.*).  Thus, Respondents argue that Petitioner has identified no persuasive reason to interfere with ongoing state court proceedings or to justify the extraordinary and drastic remedy of injunctive relief (*Id.* at 2-3).

In his Reply, Petitioner insists that "temporary relief [is] necessary to preserve this Court's ability to provide meaningful habeas review, prevent ongoing constitutional injury, and prevent probation-driven escalation premised on contested and allegedly false factual predicates currently central to the habeas merits" (Doc. 25 at 1-2).  Petitioner represents that at the February 11, 2026, revocation hearing the "complaining witness" testified "that she was coerced as a teen by law enforcement and her mother, that Petitioner was misled by false identification, and that she wants Petitioner off probation without continued incarceration" (*Id.* at 2).  Petitioner argues that the testimony supports his claims in the Amended Petition and thus relief in his state court proceedings is necessary while his Amended Petition is pending before this Court (*Id.*).  Petitioner also contests Respondents' argument regarding irreparable harm reasoning that although Petitioner is not "currently in jail today" a "'wait and see' approach creates precisely the harm § 2251 was written to prevent" (*Id.* at 3).  Finally, Petitioner reasserts his argument that injunctive relief is necessary because his Amended Petition is meritorious, "deferred incarceration constitutes serious irreparable harm," and that the balance of equities and public interest favor Petitioner (*Id.* at 4).

## II.    APPLICABLE LAW

### A. Reconsideration

A district court may reconsider a prior decision if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  There also may be "other, highly unusual, circumstances warranting reconsideration." *Id.*

### B. Stay of State Court Proceedings

Under 28 U.S.C. § 2251, a federal court is authorized to stay the execution of a

- 6 -

sentence pending habeas review.  28 U.S.C. § 2251(a) ("A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.").  Section 2251 is primarily applied in the context of stays of execution of capital defendants but allows for a stay of state court proceedings for "any matter involved in the habeas corpus proceeding." *McFarland v. Scott*, 512 U.S. 849, 857 (1994) (quoting 28 U.S.C. § 2251(a)(1)).  "Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." *McFarland*, 512 U.S. at 858.

In line with Ninth Circuit and Supreme Court precedent, this Court in its January 28, 2026, Screening and Service Order analyzed the merits of Petitioner's Emergency Motion under the standard set forth in *In re Holladay*, 331 F.3d 1169, 1176-77 (11th Cir. 2003), which requires a movant to show a likelihood of success on the merits, irreparable injury if a stay is not granted, whether the stay will substantially harm other parties, and whether a stay would serve the public interest (Doc. 19 at 3-4).  The same standard applies to Petitioner's Renewed Emergency Motion (Doc. 23).

### C. Injunctive Relief

Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)  To obtain a preliminary injunction, the movant must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 24 (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987)).  Importantly, the movant must demonstrate

that injury is "actual and imminent, not conjectural or hypothetical[.]" *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). Furthermore, in the context of federal interference in state criminal prosecutions, the injury must be "great and immediate" beyond "that incidental to every criminal proceeding brought lawfully and in good faith." *Younger v. Harris*, 401 U.S. 37, 46-47 (1971) (first quoting *Fenner v. Boykin*, 271 U.S. 240, 234 (1926); and then quoting *Douglas v. City of Jeannette*, 319 U.S. 157, 164 (1943)).

## III.    DISCUSSION

Upon review, Petitioner appears to seek reconsideration of the Court's January 28, 2026, Screening and Service Order denying Petitioner's Emergency Motion on the merits. Petitioner argues that "[t]he Court denied that motion as moot, not on the merits," (Doc. 23 at 2; Doc. 25 at 2) yet the Court denied Petitioner's Emergency Motion after analyzing the motion under the factors set forth in *In re Holladay*, 331 F.3d 1169, 1176-77 (11th Cir. 2003) (Doc. 19 at 3-4). The Court concluded that Petitioner's Emergency Motion failed to demonstrate "a likelihood of success on the merits or irreparable injury if a stay [was] not granted" (*Id.*). The Court also found that "the outcome of a ruling on [Petitioner's] Amended Petition remain[ed] uncertain and d[id] not establish that relief on his Amended Petition [was] likely, rather than merely possible, or that denial of a stay at th[at] time w[ould] result in irreparable harm" (*Id.* at 4). Respondents are correct that the Court addressed the merits of Petitioner's Emergency Motion and did not deny Petitioner's Emergency Motion as moot.

Petitioner also seeks in his Renewed Emergency Motion (1) a stay of his state probation proceedings and (2) an injunction to prevent the incarceration of Petitioner while Amended Petition is pending (Doc. 23). Petitioner has not demonstrated that reconsideration, a stay, or an injunction is appropriate.

First, reconsideration is inappropriate. Petitioner does not assert that newly discovered evidence, a clear error in the initial decision, a manifest injustice, or an intervening change in controlling law warrants reconsideration of the Court's January 28,

2026, Order. Rather, Petitioner argues that a revocation hearing scheduled for February 11, 2026, now constitutes irreparable harm because of possible incarceration before this Court adjudicates his Amended Petition (*Id.* at 4, 7-9). Based upon the representations of Petitioner and Respondents, Petitioner was sentenced to six-months in the county jail at the February 11, 2026, revocation hearing (Doc. 24 at 2; Doc. 25 at 2). From Respondents' Response and Petitioner's Reply, it appears that the six-month sentence was deferred, and Petitioner will not face any incarceration provided that he complies with the terms of his probation (Doc. 24 at 2; Doc. 25 at 2). To the extent that Petitioner argues that the February 11, 2026, revocation hearing and its ultimate disposition constitute newly discovered evidence to warrant reconsideration, the Court is unpersuaded. Petitioner's then impending state court probation revocation proceedings are much like those proceedings incidental to every criminal proceeding brought lawfully and in good faith. *See Younger*, 401 U.S. at 46-47; *see also United States v. Knights*, 534 U.S. 112, 119 (2001) ("Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."). Further, there are no highly unusual circumstances here that warrant reconsideration. *See ACandS, Inc.*, 5 F.3d at 1263. Reconsideration of the Court's January 28, 2026, Order is not warranted.

Furthermore, a stay or injunction remain inappropriate based upon the record before the Court. At this stage of the proceedings, it remains true that the outcome of a ruling on Petitioner's Amended Petition is uncertain. Petitioner claims that the testimony of the witness at Petitioner's revocation hearing (*see* Doc. 25 at 2) "goes directly to Petitioner's actual-innocence/Brady/due-process and plea-validity claims" but it is unclear whether the testimony related to Petitioner's underlying conviction or the facts underlying his revocation proceedings. Moreover, Petitioner and Respondents acknowledge that Petitioner remains out of custody and will not face incarceration as long as Petitioner complies with the terms of his probation (Doc. 24 at 2; Doc. 25 at 2). Accordingly, incarceration of Petitioner is not actual and imminent, but rather is merely possible. Even

more importantly, Respondents are correct that Petitioner's "circumstances [are] no different from that of the typical criminal defendant" (Doc. 24 at 2). Petitioner does not allege that the state court proceedings have been brought in bad faith and the alleged injury to Petitioner is the type of injury incidental to every criminal proceeding brought lawfully and in good faith. *See Younger*, 401 U.S. at 46-47.

No different from the time of the Court's denial of Petitioner's Emergency Motion, Petitioner has not shown a likelihood of success on the merits of his Amended Petition nor has he demonstrated irreparable injury if a stay or injunction is not granted.

## IV.    CONCLUSION

Because Petitioner has not demonstrated that it is appropriate for the Court to reconsider its January 28, 2026, Screening and Service Order, to grant a stay of Petitioner's state probation proceedings, or to grant injunctive relief, the Court will recommend denying Petitioner's "Renewed Emergency Motion for Interim Relief from Probation" (Doc. 23).

Accordingly,

**IT IS RECOMMENDED** that Petitioner's "Renewed Emergency Motion for Interim Relief from Probation" (Doc. 23) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 27th day of February, 2026.


_____
Honorable Deborah M. Fine
United States Magistrate Judge