**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles D Cole, | No.  CV-25-04086-PHX-SMB (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Respondents. | |

## I.     SUMMARY

This matter is presently before the Court on Petitioner's "Motion to Expand Record Under Rule 7 and to Order Respondents to Lodge Rule 5(c) Transcripts and Record Materials" ("Motion") (Doc. 39).  This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 19 at 6).

On October 31, 2025, Petitioner Charles Cole ("Petitioner" and/or "Cole") initiated these habeas proceedings by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition") (Doc. 1).  After the Petition was dismissed with leave to amend (Doc. 8), Petitioner filed an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition") (Doc. 12).  Petitioner filed a reply ("Reply") (Doc. 32).

Although a response and reply have not been filed, response and reply are not necessary for the Court to rule on the Motion.

Upon review of the Motion and associated exhibits (Doc. 39); the briefing on Petitioner's Petition and associated exhibits (Docs. 12, 31, 31-1, 32); the record in this matter, and applicable law, the Court will deny Petitioner's "Motion to Expand Record Under Rule 7 and to Order Respondents to Lodge Rule 5(c) Transcripts and Record Materials" (Doc. 39).

## II.    PROCEDURAL POSTURE

On October 31, 2025, Petitioner filed the Petition in this Court seeking a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) and an Application for Leave to Proceed *In Forma Pauperis* ("Application").  Petitioner did not use the court-approved forms for his Petition or Application.

On November 17, 2025, the Court denied the Application without prejudice and dismissed the Petition with leave to amend because Petitioner did not use the court-approved forms (Doc. 8 at 2, 4-5).  The Court allowed Petitioner 30 days from the date of the Order to file an amended petition using the court-approved form and to pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8 at 4-5).

Petitioner thereafter paid the filing fee (Doc. 10) and filed his Amended Petition (Doc. 12).  Petitioner also filed several documents in support of his Amended Petition (Docs. 13, 14, 15, 16, 17).  Notably, Petitioner filed the following exhibits in support of his habeas claims: an affidavit sworn by the victim recanting a prior allegation against Petitioner (Doc. 1 at 11-12); identification cards purportedly used by the victim (*Id.* at 14-15); an email from the victim to the Maricopa County Attorney's Office stating that she was "coerced into making false statements in order to convict [Petitioner]" (*Id.* at 17-18); the state's recommendation that Petitioner be placed on 10 years' supervised probation (*Id.* at 20-21); various documents relating to Petitioner's probation history, revocation proceedings, and sex offender treatment (*Id.* at 23; Doc. 17 at 11-22; Doc. 23 at 11-26); the trial court's orders denying Petitioner's post-conviction relief ("PCR") petitions (Doc. 12 at 16-24); and the Arizona Court of Appeals' memorandum decision granting review but

denying relief regarding Petitioner's second state court PCR proceeding (Doc. 15 at 7-10);

The Court's January 28, 2026, Order screening the Amended Petition recounts:

In Maricopa County Superior Court case CR2017-110160, Petitioner pled guilty to two counts of attempted sexual conduct with a minor pursuant to a plea agreement. On December []7, 2017,[1] the court suspended imposition of sentence and placed Petitioner on two 10-year terms of supervised probation. In his Amended Petition, Petitioner names as Respondents Maricopa County Chief Probation Officer Michael Cimino and Supervising Probation Officer Marissa Entler, and the Maricopa County Adult Probation Department.

In Ground One, Petitioner alleges actual innocence because the victim had misrepresented her age to him "as being over the age of consent." In Ground Two, Petitioner claims he is subject to unauthorized probation conditions and sanctions that are "beyond [his] written sentence." In Ground Three, Petitioner asserts "Brady/Due Process Violations" because Petitioner was not provided any police reports or records that showed the victim had misrepresented her age to him before Petitioner entered his guilty plea. In Ground Four, Petitioner alleges ineffective assistance of counsel as his trial counsel "failed to investigate or uncover [the victim's] false identification card and age fraud and her admi[ss]ion to law enforcement about her misrepresentation." Petitioner states he has presented these claims to the Arizona Court of Appeals.

(Doc. 19 at 2).  The Court also explained and directed as follows:

The Maricopa County Adult Probation Department is not a proper respondent. Petitioner must name the state officer having custody of him as the respondent to the petition. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). Because the Maricopa County Adult Probation Department is not a state officer, it will be dismissed as a Respondent. The Court will require Respondents Cimino and Entler to answer the Amended Petition. 28 U.S.C. § 2254(a).

(Doc. 19 at 2).

On March 9, 2026, Respondents filed their Limited Answer (Doc. 31) in which Respondents argue that the Petition initiating these proceedings was untimely filed; Amended Petition Grounds Two, and Three, and Four are procedurally defaulted without

---

[1] The Screening Order states that Petitioner was sentenced on December 17, 2017 (Doc. 19 at 2), but the Maricopa County Superior Court's sentencing order reflects that the sentencing hearing took place on December 7, 2017 (Doc. 31-1 at 12).

excuse; Amended Petition Grounds One, Two, Three, and Four are waived by virtue of Petitioner's guilty plea; and Amended Petition Ground Two is not cognizable in these habeas proceedings (*Id.* at 14-18). In their Limited Answer, Respondents represent:

> Pursuant to Rule 5(c) of the Rules Governing § 2254 Cases, Respondents submit no transcripts in support of this answer.

> Respondents also inform this Court that their file contains no transcripts.

> Respondents are aware of the following additional proceedings that either were not transcribed (or not listed in the state trial court docket as having been transcribed) or were transcribed and not in their possession: arraignment (3/16/17); pretrial conference (5/2/17); pretrial conference (6/5/17); pretrial conference (7/20/17); pretrial conference (8/17/17); settlement conference (9/22/17); trial management conference (10/30/17); change of plea hearing (11/3/17); sentencing (12/7/17); revocation arraignment (12/21/18); continuance (1/16/19); violation hearing - admission (2/13/19); disposition hearing (3/12/19); revocation arraignment (9/30/19); probation revocation arraignment (10/14/19); revocation arraignment (8/23/23); continuance (9/20/23); continuance (11/2/23); continuance (12/4/23); continuance (1/17/24); continuance (2/28/24); continuance (4/15/24); continuance (5/28/24); hearing vacated (6/4/24); continuance (6/28/24); probation revocation arraignment hearing (8/22/24); disposition hearing (8/29/24); probation violation hearing (9/5/25); disposition hearing (9/11/25); probation violation arraignment (9/16/25); probation violation hearing (9/24/25); probation violation arraignment (9/30/25); non-witness violation hearing (10/15/25); witness violation hearing (10/22/25); continuance (10/27/25); non-witness violation hearing (12/1/25); probation violation arraignment (12/4/25); witness violation hearing (12/8/25); probation violation hearing (12/30/26); disposition hearing (1/5/26); probation violation hearing (2/3/26); and disposition hearing (2/11/26).

> Respondents submit copies of documents from the state trial court proceedings that are relevant to this answer as Exhibits A–G, and K–N, and rom the state appellate court proceedings that are relevant to this answer as exhibits H–J.

(Doc 31 at 5-6).

Specifically, Respondents attached the following exhibits: the indictment charging Petitioner with three counts of sexual conduct with a minor (Doc. 31-1 at 3-5); the plea agreement under which Petitioner agreed to plead guilty to counts one and two of the

indictment (*Id.* at 7-10); the Maricopa County Superior Court's sentencing order placing Petitioner on two concurrent terms of supervised probation (*Id.* at 12-16); Petitioner's first petition for PCR relief dated September 26, 2023 (*Id.* at 18-24); the trial court's order dismissing Petitioner's first PCR proceeding as untimely (*Id.* at 26-28); Petitioner's second petition for PCR relief dated June 19, 2024 (*Id.* at 30-39); the trial court's order dismissing Petitioner's second PCR proceeding as successive and untimely (*Id.* at 41-42); Petitioner's petition for review filed with the Arizona Court of Appeals asking the court of appeals to review the trial court's dismissal of Petitioner's second PCR proceeding (*Id.* at 44-59); the Arizona Court of Appeals' memorandum decision granting review but denying relief regarding Petitioner's petition for review (*Id.* at 61-64); the Arizona Court of Appeals' mandate (*Id.* at 66-68); Petitioner's third petition for PCR relief dated July 20, 2025 (*Id.* at 70-79); the trial court's order dismissing Petitioner's third PCR proceeding as successive and untimely (*Id.* at 81-83); Petitioner's conditions of supervised probation (*Id.* at 85-90); and trial court documents related to Petitioner's sentencing (*Id.* at 92-99).

Petitioner filed his Reply in support of the Amended Petition (Doc. 32). Petitioner's Reply contains no additional state court record materials.

**III.    PETITIONER'S MOTION (Doc. 39)**

In his Motion, Petitioner argues that good cause exists to expand the record under Rule 7 of the Rules Governing Section 2254 Cases and that Respondents have not complied with their obligations under Rule 5 (Doc. 39 at 2-3). Regarding expansion of the record, Petitioner argues that the Court should consider the audio recording of Petitioner's revocation hearing held on February 11, 2026, because it is relevant to Petitioner's *Schlup* gateway and merits arguments (*Id.* at 2). Regarding Rule 5 compliance, Petitioner argues that Respondents should be ordered to file copies of the plea colloquy, sentencing materials, revocation transcripts, and other relevant state-court record materials (*Id.*). Petitioner contends that the materials are necessary to assess the validity of his guilty pleas (*Id.*).

Petitioner asks the Court to order that the following materials be filed with the Court:

- Change-of-plea / plea colloquy transcript, including any written plea agreement, factual basis, and materials referenced on the record.
- Sentencing transcript, if separate from the plea proceeding.
- Transcript of the February 11, 2026 probation revocation disposition hearing, including the complaining witness's statement.
- Any probation revocation petition, violation report, recommendation, supporting report, and related filing relied upon at revocation disposition.
- Any additional revocation-hearing transcripts or official recordings relevant to Petitioner's present custody restraints or relied upon by Respondents.
- If any requested hearing was electronically recorded but not transcribed, and order directing transcription and lodging of that recording, or pending transcription, a certified official substitute.

(Doc. 39 at 3).

## IV.    RULES FRAMEWORK

In relevant part, Rule 5 of the Rules Governing Section 2254 Cases provides:

**(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

**(d) Contents: Briefs on Appeal and Opinions.** The respondent must also file with the answer a copy of:

(1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;

(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

(3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

In addition, Rule 7 of the Rules Governing Section 2254 Cases provides:

> **(a) In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> **(b) Types of Materials.** The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> **(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

*See also* Rule 10 of the Rules Governing Section 2254 Cases ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636.").

## V.    DISCUSSION

Upon review of the Motion and associated exhibits (Doc. 39); the briefing on Petitioner's Petition and associated exhibits (Docs. 12, 31, 31-1, 32); the record in this matter, and applicable law, the Court will deny Petitioner's "Motion to Expand Record Under Rule 7 and to Order Respondents to Lodge Rule 5(c) Transcripts and Record Materials" (Doc. 39).

As an initial matter, several of the requested documents (Doc. 39 at 3) are already part of the record before the Court in this matter.  Specifically, the record contains a copy of Petitioner's plea agreement (Doc. 31-1 at 7-10) as well as several documents relating to Petitioner's probation history, revocation proceedings, and sex offender treatment (Doc. 1 at 23; Doc. 17 at 11-22; Doc. 23 at 11-26)

Further, the Court finds that Respondents have complied with their obligations under Rule 5.  Respondents filed no transcripts pursuant to Rule 5(c) and supplied copies of documents filed in the Arizona Court of Appeals related to the trial court's dismissal of Petitioner's second PCR proceeding (Doc. 31 at 5-6; Doc. 31-1 at 44-59, 61-64, 66-68). However, Petitioner insists that Respondents should have also filed the plea colloquy,

sentencing documents, revocation transcripts, and other state court record materials related to Petitioner's claims (Doc. 39 at 2-3).  Petitioner reasons that the documents are "indispensable" to his claims because "[a] challenge to plea validity cannot be fairly evaluated without the plea colloquy and related plea materials" (*Id.* at 2).  Yet, Petitioner does not challenge the knowing, intelligent, and voluntary nature of his guilty pleas in his Amended Petition (*see* Doc. 12).  The only mention of such a challenge is contained in a supplemental filing in support of his Amended Petition, and the supplemental filing references Amended Petition Ground Three directed to alleged exculpatory evidence disclosure violations (Doc. 14 at 4).  Under Rule 2(c) of the Rules Governing Section 2254 Cases, the Amended Petition must "specify all the grounds for relief available to the petitioner."  Claims not raised in the Amended Petition are not properly before this Court.  Furthermore, the forthcoming Report and Recommendation will recommend that these proceedings be dismissed as untimely.  Because the untimeliness of these proceedings is dispositive of the entire matter, additional transcripts or state court documents would not be relevant to the pertinent issues here.

Additionally, supplementation of the record under Rule 7 is inappropriate here. Petitioner insists that the audio recording of Petitioner's February 11, 2026, revocation hearing is necessary because it contains "on-the-record statements by the complaining witness . . . supporting Petitioner's release from custody" and it is "relevant to Petitioner's [*Schlup*] gateway and merits arguments" (Doc. 39 at 1, 2).  However, such testimony would be duplicative of the record documents reflecting the victim's recantation of her previous testimony in an email to the Maricopa County Attorney's Office and in an affidavit sworn by the victim (Doc. 1 at 11-12, 17-18).  Assuming that the *Schlup* gateway is available to pleading defendants,[2] and as discussed in the forthcoming Report and Recommendation, Petitioner's reliance on the victim's recantation of prior testimony does not constitute

---

[2] *See Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (acknowledging the "potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas" but nevertheless "assum[ing] without deciding that the actual innocence gateway is available to [a pleading defendant]" (citation omitted)).

reliable evidence to allow Petitioner to pass through the actual innocence/*Schlup* gateway.[3] Thus, record supplementation is not appropriate here.

## VI.     CONCLUSION

Because Respondents have complied with Rule 5 and record supplementation under Rule 7 is not appropriate, the Court will deny Petitioner's "Motion to Expand Record Under Rule 7 and to Order Respondents to Lodge Rule 5(c) Transcripts and Record Materials" (Doc. 39).

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's "Motion to Expand Record Under Rule 7 and to Order Respondents to Lodge Rule 5(c) Transcripts and Record Materials" (Doc. 39).

Dated this 1st day of April, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

---

[3] *Jones v. Taylor*, 763 F.3d 1242, 1248 (9th Cir. 2014) ("[A] witness' 'later recantation of his trial testimony does not render his earlier testimony false.'" (quoting *Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir. 2005))); *see also Dobbert v. Wainwright*, 468 U.S. 1231, 1233, (1984) (Brennan, J., dissenting from denial of certiorari) ("Recantation testimony is properly viewed with great suspicion."); *Carriger v. Stewart*, 132 F.3d 463, 483 (9th Cir. 1997) (en banc) (Kozinski, J., dissenting) ("Appellate courts . . . look upon recantations with extreme suspicion.").